### McCAFFREY et al.
#### v.
### UNITED STATES.
#### No. 13, Docket 22685.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1953.

Decided Jan. 11, 1954.

See, also, D.C.N.Y., 13 F.R.D. 512.

Myles J. Lane, U. S. Atty., New York City, John D. Kelly, New York City, of counsel, for appellant.

Greengold & Byrne, New York City, A. Harold Frost, New York City, of counsel, for respondents.

Before CHASE, Chief Judge, and SWAN and MEDINA, Circuit Judges.

MEDINA, Circuit Judge.

The infant plaintiff was injured on January 22, 1948, at approximately 7:30 P.M. on West 204th Street, near Broadway, in New York City, when the driver of a mail truck permitted the vehicle to roll back upon the child as she lay prostrate on the street a short distance behind the rear wheels.

The weather conditions were bad; there had been a heavy fall of snow; and the street was covered with ice and snow. The truck had proceeded up a steep hill and had come to a stop near the crest of the hill at a street intersection, where there was a traffic light. On the adjacent sidewalk to the right of the truck was a pile of snow where children had been playing. As the traffic light changed the driver permitted the truck to roll back and the infant plaintiff was pinned down by one of the rear wheels.

The only question which we deem it necessary to discuss is the claim of appellant that plaintiffs had failed as matter of law to make out a case of actionable negligence.

It is conceded that the law of New York governs and that plaintiffs are to be given the benefit of every favorable inference which can reasonably be drawn from the evidence; and the first and basic test we are very properly asked to apply, is whether there was any danger which the driver could reasonably have foreseen. Boiled down to essentials appellant's claim is that the evidence does not justify an inference that the driver in the exercise of reasonable care could have anticipated that the child would be lying in the street behind the truck.

The evidence presents the usual conflicting testimony on all major and minor issues. But the driver testified that as he came up the hill he saw the infant plaintiff and her two companions in their snowsuits, sliding down the snowbank in a sitting position. He said they were not sliding down in a standing position, but "on their buttocks." Perhaps the driver mistook the identity of the children whom he thus saw sliding down the snowbank, as the testimony of the infant plaintiff was that she was walking across the street to the apartment house in which she resided with her parents and that one of her companions fell and the two little girls went down together. Just then the traffic light changed.

In any event, on the driver's own testimony he was aware of the fact that children had been sliding down the snowbank and that, if any sliding down took place after he brought his mail truck to a standstill near the crest of the hill, a child might be prostrate on the street in the immediate rear of the truck, and in a position where it would be difficult if not impossible quickly to move out of the way, should the truck be permitted to roll back.

Even so we are mindful of the fact that the position of the truck under the conditions was such that, despite every reasonable precaution, it might roll back to some extent. But there is evidence that it rolled back as much as four feet; and from this the inference of negligence is permissible.

It is true that the brief memorandum written by the trial judge does not closely analyze the testimony in the light of the duty which the law of New York imposed upon the driver, nor does he in terms find that there was negligence. But such is the general purport of his memorandum and the parties chose not to request formal findings, although the memorandum stated that such findings would be made if any of the parties so desired.

Affirmed.